## Divine v. Commonwealth.

(Decided October .2, 1931.)

TEAGUE & TEAGUE for appellant.

J. W. CAMMACK, Attorney General, and GEO. H. MITCHELL, Assistant Attorney General, for appellee.

Opinion of the Court by Hobson, Commissioner— Affirming.

Buck Divine and Dave Gregory were indicted in the Muhlenberg circuit court for willfully and feloniously stealing a number of chickens of greater value than $2, the property of Alton Tudor. On the trial of the case they were found guilty and their punishment fixed at one year in the penitentiary. Buck Divine appeals.

The first ground relied on for reversal is that the evidence taken as a whole is not sufficient to sustain the verdict. Tudor and Divine lived about 300 yards apart, not very far from Central City. On March 29, Tudor about dusk, missed four of his chickens. A little later he received information that Divine and Gregory had been seen going toward Central City with chickens. He went to Central City to a merchant who bought chickens and picked out of the coop three chickens which Gregory had sold the merchant for $3.40, while Divine was standing at the door. Tudor positively identified these as his stolen chickens.

On the other hand, Divine proved that these three chickens, which they had sold the merchant, were his chickens and not the chickens of Tudor. His testimony was sustained by Gregory and by two other witnesses he introduced. The rule is well settled that the credibility of the witnesses is for the jury and that when a jury of twelve unbiased jurors, seeing and hearing the witnesses, have found the defendant guilty beyond a reasonable doubt, their verdict will not be disturbed here, unless it is so clearly against the evidence as to induce the conclusion that the verdict was the result of passion or prejudice on their part. That is not the case here. The case simply turned on the credibility of the witnesses. If the jury did not believe the testimony of the defendant and his witnesses, the verdict was clearly right.

The only other ground of reversal relied on is that when Divine was on the stand the commonwealth attorney on cross-examination asked him if he had not been theretofore convicted of a felony. The question was objected to, and over his objection he was required to answer, and said, "Yes." But on his re-examination by his attorney, when it appeared that he had never been sent to the penitentiary and that the case was pending on an appeal to this court, his counsel renewed his motion to exclude the evidence and the court made this ruling: "I do not think in the state that this record is

in it is competent. It has been appealed and the appeal is now pending. The jury will not consider that in making up the verdict." The defendant excepted. It is earnestly insisted that the fact that he had been convicted on another charge of larceny was thus got before the jury and that this influenced the jury although the court had excluded the evidence. But it has often been held that this court must assume that the jury followed the direction of the court. The court positively directed the jury not to consider this evidence in making up their verdict. It is not easy to see what more he should have done.

Judgment affirmed.